**Robinson PINILLA–PULIDO; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74353.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 2011.

Filed March 3, 2011.

John Wolfgang Gehart, Russell M. Jauregui, Esquire, Carlos Vellanoweth, Es-

---

quire, Elena Yampolsky, Esquire, Vella-
noweth & Gehart, LLP, Los Angeles, CA,
for Petitioners.

Janet A. Bradley, Esquire, OIL, DOJ–
U.S. Department of Justice, Washington,
DC, Chief Counsel Ice, Office of the Chief
Counsel, Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: RYMER and BYBEE, Circuit
Judges, and QUIST, Senior District
Judge.*

## MEMORANDUM **

Robinson Pinilla–Pulido ("Pinilla"), along
with his wife, son, and daughter, appeal a
decision of the Board of Immigration Ap-
peals ("BIA") denying their application for
asylum from Colombia and Venezuela and
withholding of removal to Venezuela.

The BIA found that Petitioners are ineli-
gible for asylum from Colombia because,
prior to arriving in the United States, they
had firmly resettled in Venezuela. In
reaching this decision, the BIA explicitly
adopted the reasoning of the Immigration
Judge ("IJ") and did not apply the firm
resettlement standard enunciated in *Ma-
haraj v. Gonzales*, 450 F.3d 961 (9th Cir.
2006), an intervening en banc decision of
this court. Because neither the IJ nor the
BIA considered whether Petitioners were
firmly resettled in Venezuela under *Maha-
raj*, we vacate the BIA's decision and we
remand this case to the BIA for reconsid-
eration in light of *Maharaj*.

---

* The Honorable Gordon J. Quist, Senior Dis-
  trict Judge for the U.S. District Court for

At oral argument, Petitioners' counsel
asked this court to consider recent evi-
dence of changed country conditions in
Venezuela reflecting the Venezuelan gov-
ernment's support of the Colombian
FARC. We refuse to consider this evi-
dence because it is not part of the record.
8 U.S.C. § 1252(b)(4)(A). Petitioners
should present this evidence in the first
instance to the BIA through a motion to
reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8
C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ash-
croft*, 381 F.3d 942, 945–46 (9th Cir.2004).

We hereby GRANT the petition, VA-
CATE the BIA's decision, and REMAND
for reconsideration in light of *Maharaj*.

---

Western Michigan, Grand Rapids, sitting by
designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.